```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF MONTANA

                        GREAT FALLS DIVISION

KERT G. DESHNER,                 )   Cause No. CV 06-25-GF-SEH-CSO
                                 )
          Petitioner,            )
                                 )
      vs.                        )   FINDINGS AND RECOMMENDATION
                                 )   OF U.S. MAGISTRATE JUDGE
JAMES MacDONALD,                 )
                                 )
          Respondent.            )
_____)
```

On April 4, 2006, Petitioner Kert Deshner moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. That motion was granted in a separate Order. Deshner is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the 2254 Rules requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**II. Background and Deshner's Allegations**

On April 22, 2002, Deshner pled guilty to two counts of burglary, two counts of theft, and one count of deceptive practices in Montana's Ninth Judicial District Court, Pondera County. On June 17, 2002, he was sentenced to serve a total of twenty years in prison. The sentencing court also imposed restitution as a condition of parole, should parole be granted. See Pet. (Court's doc. 1) at 2-3, ¶¶ 1-4; Opinion at paras. 3-4, Deshner v. State, No. 04-602 (Mont. Sept. 20, 2005).

On November 26, 2003, Deshner filed a motion in the trial court, asking it to appoint counsel on the grounds that "some issues" regarding his case and his sentence needed to be addressed. The trial court denied the motion.

On May 3, 2004, Deshner filed a petition for postconviction relief in the trial court, alleging that he was denied due process of law because the sentencing court did not consider his ability to pay restitution and did not have the authority to impose restitution unless it deferred his sentence. He also claimed that counsel was ineffective in failing to file a timely notice of appeal to challenge the allegedly illegal sentence. Opinion at paras. 5-6, Deshner, No. 04-602.

The trial court denied the petition. Deshner appealed. On September 25, 2005, the Montana Supreme Court held that Deshner's challenge to his sentence was "clearly time-barred" because he

filed a petition for postconviction relief more than one year after his conviction became final. Id. paras. 8-9 (citing Peña v. State, 100 P.3d 154, 163 ¶ 35 (Mont. 2004)).

Deshner filed his petition in this Court on April 4, 2006. He alleges that he was denied due process because the sentencing court lacked statutory authority to impose restitution, failed to consider his ability to pay restitution, and lacked subject matter jurisdiction to impose the restitution condition. He also contends that counsel was ineffective because he failed to appeal the sentence. See Pet. at 4-6, ¶¶ 15A-D.

### III. Analysis

There are several obstacles to Deshner's petition, including the one-year federal statute of limitations, the fact that his petition might be unexhausted in light of the Montana Supreme Court's recent opinion in Lott v. State, No. 05-617 (Mont. Oct. 27, 2006), and the fact that he challenges only the imposition of restitution, for which federal habeas relief may not be available. Regardless, it is clear that the petition lacks merit.

Deshner's claim in this Court relies on a particular interpretation of Mont. Code Ann. § 46-18-201(1) and (5) (2001), the statute under which he was sentenced. He asserts that the statute limits the trial court's ability to impose restitution to only those cases in which sentence is deferred or suspended.

According to the Montana Supreme Court, that is not the case.

That court has rejected Deshner's proposed interpretation of the statute in question. See State v. Vernes, 130 P.3d 169, 175 ¶¶ 29-30 (Mont. 2006) (holding that Mont. Code Ann. § 46-18-202(1) (2001) "authorizes restitution in cases where there is a connection between the crime and the pecuniary loss of the victim.") (abrogating State v. Honey, 112 P.3d 983, 992 ¶ 45 (Mont. 2005)).[1]

The Montana Supreme Court is the paramount authority on the interpretation of Montana law. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."); Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). Deshner – who was convicted of burglary, theft, and deceptive practices – does not contend that there is no connection between the crime and the restitution obligation. Counsel could not have been ineffective in failing to appeal an issue on which Deshner was not entitled to

---

[1] In Honey, the Montana Supreme Court refused to consider the application of Mont. Code Ann. § 46-18-202(1) because the State did not provide a legal argument in support of its citation of the statute. See Honey, 112 P.3d at 991 ¶ 36 (citing Mont. R. App. P. 23(a)(4)); id. at 993 ¶ 48 (Leaphart, J., dissenting) ("The statute ... is clear on its face and is a sufficient authority in and of itself. It allows a sentencing judge to impose ... the enumerated restrictions, including '(f)any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society,' for example, restitution."). The full court has now adopted Justice Leaphart's position.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

relief. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (habeas petitioner must show that the result of the proceeding would have been different but for counsel's error). Deshner's claim is essentially one of state law, and it is wholly precluded by the Montana Supreme Court's decision in Vernes.

**IV. Certificate of Appealability**

   **A. Governing Standards**

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he

will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor. Id.

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. Id.

### B. Discussion

Because Deshner challenges the Montana Supreme Court's interpretation of Montana law, and because he does not contend that any Montana statute violates federal constitutional law, there is no federal ground for relief. This is not a matter of interpretation on which reasonable jurists could differ but a matter of the Montana Supreme Court's supremacy on matters of state law. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Deshner's Petition (Court's doc. 1) should be DISMISSED. A certificate of appealability should be DENIED.

The Clerk of Court shall serve a copy of the Findings and

Recommendation of the United States Magistrate Judge upon the Petitioner.  Petitioner is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

    Deshner must immediately inform the Court of any change in his mailing address.  Failure to do so may result in the dismissal of this action without notice to Deshner.

    DATED this <u>6th</u> day of November, 2006.

                                    /s/ Carolyn S. Ostby
                                    Carolyn S. Ostby
                                    United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7